UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES - GENERAL

| Case No.: | 2:20-cv-04544 AB (AFMx) | Date: | February 25, 2021 |
|---|---|---|---|

Title:   *Jason Alan v. JPMorgan Chase Bank, National Association*

---

Present: The Honorable   **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   **[In Chambers] ORDER <u>GRANTING</u> DEFENDANT'S MOTION TO DISMISS.**

The Court has reviewed Defendant's Motion to Dismiss (Dkt. No. 46) along with Plaintiff's opposition (Dkt. No. 47), Defendant's reply (Dkt. No. 49), and Plaintiff's supplemental filing (Dkt. No. 50). The Court deemed this matter appropriate for decision without oral argument. For the reasons discussed below, the Court **<u>GRANTS</u>** Defendant's Motion.

On May 5, 2020, Plaintiff Jason Alan ("Plaintiff") initiated this action by filing a Complaint against Defendant JPMorgan Chase Bank, National Association ("Defendant") (collectively, the "Parties").  (Dkt. No. 1.)   On June 10, 2020, Plaintiff filed a First Amended Complaint.  (Dkt. No. 14.)   On July 1, 2020, the Parties filed a stipulation for leave to file a Second Amended Complaint ("SAC"), and on July 6, 2020, Plaintiff filed his SAC.  (Dkt. Nos. 16, 18.)   On July 27, 2020, Defendant filed its Notice of Motion and Motion to Dismiss Plaintiff's SAC.  (Dkt. No. 19.)   On September 23, 2020, the Court granted in part Defendant's Motion to Dismiss, leaving only Plaintiff's state law claim.  (Dkt. No. 25.)   On

January 19, 2021, Defendant filed its Notice of Motion and Motion to Dismiss Plaintiff's SAC to dismiss the remaining claim.  (Dkt. No. 46.)

Plaintiff's only remaining claim is for violation of California Penal Code Section 632.  Defendant argues that Plaintiff lacks subject matter jurisdiction under Federal Rule of Civil Procedure ("Rule") 12(b)(1).  When a party moves to dismiss for lack of subject matter jurisdiction, "the plaintiff bears the burden of demonstrating that the court has jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  If a plaintiff lacks standing, the court lacks subject matter jurisdiction under Article III of the U.S. Constitution.  *Cetacean Cmty. v. Bush*, 363 F.3d 1160, 1174 (9th Cir. 2004).  Although Plaintiff filed an Opposition, he agrees that he lacks jurisdiction.  (Opp. at 2.)  In any event, the Court does not find there is jurisdiction under federal law or based on diversity.  *See* 28 U.S.C. §§ 1331, 1332.  The Court **GRANTS** Defendant's motion to dismiss.

Although Plaintiff did not take issue with dismissal of the action, he did request fees because he alleges Defendant "refus[ed] to engage in good faith efforts to bring this case to resolution."  (Opp. at 2).  Plaintiff does not cite any specific rule under which he seeks sanctions, but, given his status as a pro se litigant, the Court will briefly address the issue.  The conduct discussed here could be interpreted as seeking sanctions for violation of Local Rule 7-3 for failing to meet and confer in good faith or under Federal Rules of Civil Procedure Rule 11 for bring a motion for an improper purpose.  Sanctions under rule either are discretionary.  Plaintiff has not made a sufficient showing to suggest sanctions are appropriate.  Although Plaintiff claims he offered to dismiss the action, he did not act on such offer.  Thus, it was not inappropriate for Defendant to bring the instant motion.  Additionally, while the Court may award attorneys fees and costs, Plaintiff is not represented by counsel and was granted his request to proceed in forma pauperis.  Therefore, Plaintiff has no fees or costs.  Thus, the Court **DENIES** Plaintiff's request for sanctions.

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss.

**IT IS SO ORDERED**.